FILED
JUN 21 2006
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

Plaintiff,

v.                                          Criminal Case No: 1:06CR48

KIMBERLY SUE EFAW,

Defendant.

## OPINION/ REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Kimberly Sue Efaw, in person and by counsel, Thomas G. Dyer, appeared before me on June 21, 2006. The Government appeared by Shawn Angus Morgan, Assistant United States Attorney. Ms. Morgan advised the Court that the victim in this matter, Hangar Prosthetics and Orthotics, Inc., had been notified of the scheduled plea hearing, but chose not to attend; however, Ms. Morgan was advised that a representative of the victim corporation would attend the sentencing hearing in this matter.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to a one-count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the

written Plea Agreement filed.

The Court continued with the proceeding by placing Defendant under oath, and thereafter inquiring of Defendant's counsel as to Defendant's understanding of her right to have an Article III Judge hear her plea and her willingness to waive that right, and instead have a Magistrate Judge hear her plea. Thereupon, the Court inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Kimberly Sue Efaw, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

Defendant thereafter stated in open court she understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement dated May 9, 2006, and signed by her on May 17, 2006, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge inquired of Defendant and her counsel relative to Defendant's knowledge and understanding of her constitutional right to proceed by Indictment and the voluntariness of her Consent to Proceed by Information and of her Waiver of her right to proceed by Indictment, to which Defendant and her counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged her voluntary waiver of her right to proceed by Indictment and her agreement to voluntarily proceed by Information. Defendant and her counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government as to the non-binding aspects of said amended written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the amended plea agreement or pre-sentence report.

The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government, as to the non-binding Stipulation contained in the written Plea Agreement, that provides:

A. Between on or about August 10, 2002, and on or about September 15, 2005, in the Northern District of West Virginia, Ms. Efaw knowingly and intentionally devised a scheme and artifice to defraud Fairmont Federal Credit Union, a financial institution, and to obtain any of the moneys, funds, credits, assets, securities, and other property owned by, or under the custody and control of Fairmont Federal Credit Union, a financial institution, by means of false and fraudulent pretenses, representations and promises.

B. For the purpose of executing and attempting to execute this scheme and artifice to defraud and for obtaining money and property and attempting to do so the defendant engaged in the overt acts alleged in the Information.

C. As a result of her scheme and artifice to defraud and for obtaining money and property, the defendant caused total losses of at least $200,000.00 but less than $400,000.00 to Fairmont Federal Credit Union and others.

D. The 2002 Version of the United States Sentencing Guidelines applies to this case.

E. The base offense level is 6, pursuant to §2B1.1(a) of the United States Sentencing Guidelines.

F. The amount of loss created by the scheme exceeds $200,000.00, but is less than $400,000.00 and a 12-level specific offense characteristic applies, pursuant to §2B1.1(b)(1)(G).

G. The defendant understands that mandatory restitution is required in this case, pursuant to 18 U.S.C. §3663A, and she agrees to make such restitution in accordance with that statute.

From his inquiry, the undersigned finds the parties understand that the Court is not bound by the above stipulation and is not required to accept same. Further, Defendant understands and agrees that should the Court not accept the above stipulation, the defendant will not have the right to withdraw her plea of Guilty.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Judge rejected Defendant's plea of guilty, Defendant

4

would be permitted to withdraw her plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted her plea of guilty to the felony charge contained in the one-count Information, Defendant would not be permitted to withdraw her guilty plea even if the Judge refused to follow the non-binding recommendations and stipulation contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected. Defendant and her counsel each acknowledged their understanding and Defendant maintained her desire to enter a plea of guilty.

The Court confirmed the Defendant had received and reviewed the one-count Information in this matter with her attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her; understood that the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of not more than thirty (30) years; understood that a fine of not more than $1,000,000 could be imposed; understood that both imprisonment and fine could be imposed; understood she would be subject to not more than five (5) years of supervised release; understood that mandatory restitution was required in this case and agreed to make such restitution in accordance with 18 U.S.C. §3663A; understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing; understood that the Court may require her to pay the costs of her incarceration and supervised release; understood that her actual sentence would be determined after a pre-sentence report was prepared and a sentencing hearing conducted; and further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge further examined Defendant with regard to her understanding of the impact of her conditional waiver of her appellate rights as contained in her written plea agreement and determined she understood those rights and, subject to the condition set forth in the agreement, voluntarily gave them up as part of the written plea agreement.

The undersigned Magistrate Judge further examined Defendant and determined she understood that the United States Sentencing Guidelines are now advisory and no longer mandatory. Defendant further understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 18 of the United States Code for the offense of conviction.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant the one-count Information, including the elements the United States would have to prove at trial, charging her with bank fraud in violation of Title 18, United States Code, Section 1344. The undersigned reviewed with Defendant each of the overt acts alleged in the Information.

The Government was prepared to offer a witness, Doug Yost, to testify as to the basis in fact for the Information and plea agreement. In light of the particularity of the acts alleged in the "speaking information," the Court's detailed summarization of the Information, the parties' written stipulation to all of the acts, and the defendant's agreement in open court with the stipulation, the Government asked if the Court would accept the agreed stipulation in support of the basis in fact. The undersigned inquired of Defendant and her counsel as to whether they had any objection to the Stipulation of Facts being adopted as the witness testimony. Both consented to the stipulation providing the basis in fact in support

of the plea.

Defendant then testified she agreed with each and every statement in the Agreed Stipulation of Facts contained in the written plea agreement.

From the testimony of Defendant and the stipulation of the parties, the undersigned United States Magistrate Judge concludes the offense charged in the one-count Information is supported by an independent basis in fact concerning each of the essential elements of such offense.

Thereupon, Defendant, Kimberly Sue Efaw, with the consent of her counsel, Thomas G. Dyer, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the one-count Information.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant's guilty plea is knowledgeable and voluntary as to the charge contained in the one-count Information.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained in the one-count Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in said one-count Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation.

28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

It appearing that this is Defendant's first appearance before the Court, the undersigned inquired of counsel regarding the issue of detention or release on bond. The Government stated it had no objection to Defendant's release on bond pending further proceedings in this matter. It is therefore **ORDERED** that Defendant is released on bond under conditions set by Order this same date.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 21 day of June, 2006.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE