IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KIMBERLY SUE EFAW**

       **Petitioner,**

v.                                                              **Civil Action No. 1:07cv125**
                                                                     **Criminal Action No. 1:06cr48-01**
                                                                          **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

       **Respondent,**

**OPINION/REPORT AND RECOMMENDATION**

On September 17, 2007, the *pro se* petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, along with a Memorandum in Support. The United States filed a Motion to Dismiss Petitioner's Motion Made Pursuant to Title 28, United States Code, Section 2255. This case is before the undersigned for a report and recommendation pursuant to LR PL P 83.01 et seq., and Standing Order No. 4.

**I**       **Procedural History**

**A.**       **Conviction and Sentence**

On June 21, 2006, the petitioner signed a plea agreement by which she agreed to plead guilty to Count One of the Information charging her with bank fraud, in violation of Title 18, United States Code, Section 1344. See Plea Agreement (dckt. 9) ¶ 1. In the plea agreement, both parties stipulate that between on or about August 10, 2002, and on or about September 15, 2005, in the Northern District of West Virginia, the petitioner knowingly and intentionally devised a scheme and artifice to defraud Fairmont Federal Credit Union, a financial institution, and to obtain any of the moneys, funds, credits, assets, securities, and other property owned by,

or under the custody and control of Fairmont Federal Credit Union, a financial institution, by means of false or fraudulent pretenses, representations and promises. Id.at ¶ 9(A). Additionally, both parties stipulated and agreed that the petitioner's total amount of loss created by her scheme exceeded $200,000.00, but was less than $400,000.00, and a 12-level specific offense characteristic applies pursuant to §2B.1.1(b)(1)(G). Id. at ¶ 9(F). On October 4, 2006, the petitioner was sentenced to 21 months imprisonment and three years supervised release, and payment of restitution of $329,449.00. See Sentencing Order (dckt. 22) pp. 2-5

**B.** **Direct Appeal**

The petitioner did not file a direct appeal of her conviction and sentence.

**C.** **Federal Habeas Corpus**

Petitioner's Contentions

(1) Petitioner's sentence was imposed without due consideration to 18 U.S.C. § 3553(a) for

    (a) not conforming to sentences received by others' convicted of similar crimes;

    (b) not being able to receive educational and medical care while incarcerated;

    (c) not placing the petitioner in a better position to make restitution;

    (d) not providing adequate deterrence for any future criminal conduct; and

(2) Petitioner's sentence was increased twelve levels by §2(B)1.1(b)(F).

Government's Contentions

(1) Petitioner's sentencing contentions cannot be raised in a § 2255 motion.

(2) Petitioner stipulated to the sentencing increase in her plea agreement.

**II.** **Analysis**

**A.     Sentencing Under 18 U.S.C. § 3553(a)**

In the first section of her motion, petitioner states that the Court sentenced her without consideration of the requirements of 18 U.S.C. § 3553(a). Typically, sentencing issues cannot be brought in a § 2255 motion. United States v. Pregent, 190 F.3d 279, 283-284 (4th Cir. 1999); United States v. Mikalagunas, 186 F.3d 490, 495-496 (4th Cir. 1999). Furthermore, one application of the aforementioned principles is that claims of errors under the Sentencing Guidelines are generally not cognizable on § 2255. See Pregent, 190 F.3d at 283-284 ("barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding").

Additionally, complaints about restitution orders normally cannot be raised in a habeas action. See Blaik v. United States, 161 F.3d 1341, 1342 (11th Cir. 1998); Barnickel v United States, 113 F.3d 704, 706 (7th Cir. 1997); Smullen v. United States, 94 F.3d 20, 25-6 (1st Cir. 1996); United States v. Watroba, 56 F.3d 28, 29 (6th Cir. 1995); United States v. Segler, 37 F.3d 1131, 1136-37 (5th Cir. 1994); United States v. Michaud, 901 F.2d 5, 7 (1st Cir. 1990). For example, in Blaik, the Eleventh Circuit of Appeals held that a § 2255 may not "be utilized by a person in federal custody to attack only the restitution portion of his sentence." 161 F.3d at 1342.

In her first section, all of the petitioner claims attack her sentence as being too harsh or unfair. A § 2255 motion is not the appropriate instrument in charging such perceived inadequacies. Therefore, petitioner's contentions should be dismissed.

**B.     Sentence Increase**

In the second section of her motion, petitioner claims contends that her sentence was

increased by twelve levels by §2(B)1.1(b)(F)[1] in plain error. Again, like her previous sentencing arguments, petitioner's current contention lacks merit. In her plea agreement, petitioner specifically stipulated to a loss in excess of $200,000.00 but less than $400,000.00. See Plea Agreement (dckt. 9) ¶ 9(F). Additionally, petitioner stipulated that her Base Offense Level would be increased by twelve levels, pursuant to U.S.S.G. § 2B1.1(b)(1)(G). Id. Furthermore, at the Rule 11 hearing, the Court reviewed Paragraph 9 of the plea agreement with the petitioner. See Plea Hearing Transcript (dckt. 6) p. 24. Petitioner stated that she understood the stipulation and that the Court was not bound by that stipulation. Id. Moreover, the Court told the petitioner that "the District Judge could reject [the plea agreement] and make her own specific findings of fact and sentence in accord with her findings" and that the petitioner could not then withdraw her guilty plea. Id. After this declaration, the petitioner stated she understood in the affirmative. Id At her sentencing hearing, the Court imposed a sentence based on these recommendations found in the plea agreement. See Sentencing Transcript (dckt. 32) p 5. Thus, petitioner knew of the increase, understood the increase and agreed to the increase. Therefore, petitioner's contention should be dismissed.

## III. Recommendation

For the reasons set forth herein, the undersigned recommends that the Court enter an Order **DENYING** petitioner's § 2255 motion and **DISMISSING** this case with prejudice.

Within ten (10) days after being served a copy of this Opinion/Recommendation, any

---

[1] In her Memorandum in Support of her motion, petitioner supports her claim using the 2006 Guidelines. See Memorandum (dckt.1) p.4. However, petitioner's reliance on the 2006 Guidelines is misplaced. Petitioner's plea agreement, and subsequent sentencing, were based on the previous year's Guidelines. Hence, reliance on the 2006 Guidelines is inapplicable.

4

party may file with the Clerk of the Court written objections identifying the portions of the Recommendations to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United Stats v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record via electronic means.

DATED: June 6, 2008

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE